by construction to waive a subcontractor's right to a lien on moneys owing from the owner to the contractor in excess of the subcontractor's lien.

2. MECHANICS' LIENS, § 59*—*what is extent of lien given subcontractor.* Section 21 of the Mechanics' Liens Law of 1903 (J. & A. ¶ 7159), giving a subcontractor a lien, is not limited to cases where the fund is claimed by some creditor, assignee, etc., but is intended to give a lien which is absolute, even as against the contractor's creditors, assignee or estate.

3. MECHANICS' LIENS—*extent of waiver of subcontractor's lien as question for court.* The question whether the provision in a contract waiving a subcontractor's lien extends to moneys due the contractor under the original contract is one of construction for the court.

---

### John A. Todd, by John C. Todd, Appellee, v. Chicago Railways Company, Appellant.

### Gen. No. 23,296.    (Not to be reported in full.)

Appeal from the Superior Court of Cook county; the Hon. CLINTON F. IRWIN, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1917. Reversed and remanded. Opinion filed April 16, 1918.

### Statement of the Case.

Action by John A. Todd, a minor, by John C. Todd, his next friend, plaintiff, against Chicago Railways Company, defendant, to recover damages for personal injuries sustained while a passenger on defendant's car. From a judgment for plaintiff, defendant appeals.

THOMAS J. SYMMES and WATSON J. FERRY, for appellant; W. W. GURLEY and J. R. GUILLIAMS, of counsel.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

TIMOTHY J. FELL, for appellee; HERMANN P. HAASE, of counsel.

MR. PRESIDING JUSTICE BARNES delivered the opinion of the court.

### Abstract of the Decision.

1. CARRIERS, § 484*—*when instruction on care required in conveying passengers is erroneous.* In an action by a passenger to recover for personal injuries, it is reversible error to instruct, at plaintiff's request, that common carriers of passengers are required to do all that human care, vigilance and foresight can reasonably do, consistent with the character and mode of conveyance adopted, and the "proper" prosecution of the business, to prevent accidents to passengers, as the limitation of the degree of care contained in the instruction does not include the "practical" operation of the road.

2. APPEAL AND ERROR, § 1644*—*when giving of improper instruction on care required of carrier not cured by another instruction.* In an action by a passenger to recover for personal injuries, error in giving, at plaintiff's request, an instruction improperly defining the degree of care required of defendant is not cured by giving, at defendant's request, an instruction which defines it correctly.

*See Illinois Notes Digest, **Vols. XI to XV,** and **Cumulative Quarterly,** same topic and section number.